IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SARAH LEE SANDERS,

    Appellant,

v.

DRIVETIME CAR SALES COMPANY, LLC, D/B/A DRIVETIME,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NO. 1D16-5406

Opinion filed May 31, 2017.

An appeal from the Circuit Court for Leon County.
Charles W. Dodson, Judge.

William C. Bielecky of William C. Bielecky, P.A., Tallahassee; Brian W. Warwick of Varnell & Warwick, P.A., The Villages, for Appellant.

Robert E. Sickles and Nancy J. Stewig of Broad & Cassel, Tampa, for Appellee.

PER CURIAM.

This appeal involves an arbitration agreement. We write only to address the portions of the agreement that prohibit the parties from bringing private attorney general actions. The appellant argues that such a ban precludes her from raising her

Florida Deceptive and Unfair Trade Practices Act (FDUTPA) claims as part of the arbitration. The appellant further argues that if her FDUTPA claims are precluded in arbitration under the agreement, such agreement is void as a violation of public policy. It is not necessary to address whether such a provision would be void as a violation of public policy because we find such a claim is not a private attorney general action.

FDUTPA states that a cause of action can be brought by a person who has suffered a loss or has been aggrieved by a violation of FDUTPA, an interested party, or an enforcing authority. See §§ 501.206, 501.207, & 501.211, Fla. Stat. (2015). An interested party is defined as a person who has been affected by a violation of FDUTPA or by an order of the enforcing authority. § 501.203(6), Fla. Stat. (2015). An enforcing authority is defined as the office of the state attorney or the Department of Legal Affairs depending upon the situation as stated in section 501.203(2), Florida Statutes (2015). Based on the definition, an individual does not qualify as an enforcing authority. Thus, an individual's private claims for violations of FDUTPA cannot be deemed a private attorney general action since a person has no statutory right to represent the enforcing agency or another person under FDUTPA.

AFFIRMED.

ROBERTS, C.J., MAKAR, AND JAY, JJ., CONCUR.